CROSS (UNITED STATES v.). See Case No. 14,894.

CROSS (WHITE v.). See Case No. 17,546.

---

## Case No. 3,435.

### In re CROSSETTE.

[17 N. B. R. 208.][1]

District Court, W. D. Michigan. Feb. 28, 1878.

BANKRUPTCY—PROVABLE DEBT — SECURED CREDITOR.

1. So long as a creditor holds ample security on property of the debtor, and does not waive or release the same, he is not to be counted as a creditor having a provable debt within the meaning of section 39, as amended. Rev. St. § 5021.

2. A secured creditor may, at any time, release his security as to the whole or a part of the debt, and if he does so seasonably, before the hearing and decision as to the quorum of creditors and debts, he is entitled to be ranked as a creditor having a provable debt and admitted as such in determining whether the requisite number and amount have joined in the petition.

Creditors commenced proceedings for adjudication. Debtors resisted on the ground that the requisite number and amount had not joined, and filed a list of their creditors and debts. A reference was made to Register Thompson, who reported that there was not one-third of the provable debts represented. Other creditors then joined as petitioners, and a re-reference was made. It was now reported that in number and amount the necessary quorum had joined. Exceptions were filed by the debtors. D. H. Waters, who did join in the petition, was a secured creditor for twenty-two thousand dollars, but after commencement of the proceedings, and before the reference to the register, transferred to Warner seventeen thousand dollars of his claims and the separate security covering that sum. Warner then released the security as to nine thousand dollars of the seventeen thousand dollars. The register held, first, that secured creditors were not to be reckoned as having provable debts within amended section 39 of the bankrupt

---

[1] [Reprinted by permission.]

act; and second, that a release of security after petition filed did not change the rule on the questions of adjudication.

Simonds & Fletcher, for petitioners.
R. W. Butterfield, for debtors.

WITHEY, District Judge. The register, in determining the question of quorum, held that creditors whose debts are secured are not to be reckoned in number or amount, and also that the question of whether a creditor was secured must be determined as of the date of filing the petition. Hence, although Warner had, after petition filed, and before the day for determining as to the number and amount joining for adjudication, released the security, as to part of his debt, the nine thousand dollars were not to be reckoned, nor was Warner to be counted as a creditor having a provable debt.

As to the first ruling, the court concurs with the register's views, that so long as a creditor holds ample security on property of the debtor and does not waive or release the same, he is not to be counted as a creditor having a provable debt within the meaning of original section 39, as amended in 1874 [18 Stat. 180]. "Debts provable," within the meaning of the provisions for launching proceedings in bankruptcy, are those entitled to share in dividends of the estate. In re Bigelow [Case No. 1,396] is a leading case, referred to and approbated in this district by the late circuit judge in Re Stansell [Id. 13,-293]. Secured debts may be proved against the bankrupt's estate, as such, but the creditor holding the security "shall be admitted as a creditor only for the balance of the debt after deducting the value of such property" as his security covers. Rev. St. U. S. § 5075. Construing 5067 and 5075, Rev. St., and section 39 of the act of 1867 [14 Stat. 517], as amended in 1874, together, there is no room for doubt that "debts provable," mentioned in section 39, refer to unsecured debts, and these include any balance of secured debts after deducting the value of the property constituting the security. Creditors who may join in a petition and be counted in ascertaining the quorum of number and amount are those only entitled to be "admitted as a creditor," to share in dividends. While those creditors who, by reason of mortgage, pledge, or lien on the debtor's property, have fully secured debts, and which remain such, are not entitled to petition, nor are their debts to be reckoned, because not entitled to be "admitted as a creditor" to share in the distributable assets.

A most careful review of all the accessible judgments bearing on the question, and of the various provisions of the bankrupt act, leaves no escape, in my opinion, from the conclusion expressed. I am forced to this conclusion, notwithstanding the counterviews presented by the late circuit judge, in Re Stansell, supra, bearing upon the question I have been considering. I have never understood that what was said by the learned judge in that case was intended to be controlling in the bankrupt courts of this circuit. It will be seen, the case was really disposed of on another ground, viz.: that the petitioning creditor had waived his lien before the hearing. At the same time I do not fail to understand that the circuit judge expressed opinions quite at variance with those I have adopted in this case. No one can entertain a higher respect for his judgments than myself; nevertheless, as the question presented here differs from the one decided in Re Stansell, and arises under a different state of the law, I feel at liberty to follow my own judgment until the exact question is ruled against my views by the circuit court. The opinion of Hoffman, J., in Re California Pac. R. Co. [Case No. 2,315], seems to me eminently correct.

I adopt the views of Judge Lowell, in Re Alexander [Id. 161], that where a debt is not amply secured, the creditor may bring the matter of his claim before the court and upon sufficient showing be admitted as a creditor for the balance over the value of the security held, and that it is not necessary to await the appointment of an assignee before such adjustment can be reached for the purpose of determining whether a creditor has a provable debt within section 39.

Upon the second question I am not able to agree with the register's conclusion, being of opinion that a secured creditor may at any time release his security as to the whole or a part of the debt, and if he does so seasonably, before the hearing and decision as to the quorum of creditors and debts, he at once occupies a position where he is entitled to be ranked as a creditor having a provable debt, and to be admitted as a creditor in determining both the number of creditors and the aggregate of provable debts under section 39. It was held in Re Stansell, supra, that a creditor holding a lien which secured his debt, who had petitioned for an adjudication against the debtor, if the fact of his debt being secured deprived him of the right to petition, a voluntary waiver of the lien prior to the hearing was sufficient to secure him all the rights of an unsecured creditor; though the court also said the fact of a creditor holding security was no objection to his becoming a petitioning creditor, as the law was prior to the amendment of 1874. Warner should have been counted as a creditor, and the nine thousand dollars as to which security was released should have been reckoned in the aggregate of provable debts. Had this been done the petitioning creditors would not represent one-third of the aggregate of the provable debts. The petition is therefore dismissed.